# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| BARBARA N.,[1] | : | Case No. 3:20-cv-00470 |
| Plaintiff, | : | |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | (by full consent of the parties) |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

# DECISION AND ORDER

## I. INTRODUCTION

Plaintiff filed an application for Supplemental Security Income (SSI) on July 11, 2017. Plaintiff's claims were denied initially and upon reconsideration. After a hearing at Plaintiff's request, the Administrative Law Judge (ALJ) concluded that Plaintiff was not eligible for benefits because she was not under a "disability" as defined in the Social Security Act. The Appeals Council denied Plaintiff's request for review. Plaintiff subsequently filed this action.

Plaintiff seeks an order remanding this matter to the Commissioner for the award of benefits or, in the alternative, for further proceedings. The Commissioner asks the Court to affirm the non-disability decision. This matter is before the Court on Plaintiff's

---

[1] *See* S.D. Ohio General Order 22-01 ("The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in social security cases federal courts should refer to claimants only by their first names and last initials.").

Statement of Errors (Doc. 13), the Commissioner's Memorandum in Opposition (Doc. 18), Plaintiff's Reply (Doc. 19), and the administrative record (Doc. 10).

## II. BACKGROUND

Plaintiff asserts that she has been under a disability since July 1, 2017.[2] She was forty-seven years old on the SSI application date. Accordingly, Plaintiff was considered a "younger person" under Social Security Regulations. *See* 20 C.F.R. § 416.963(c). Plaintiff has a "limited education." *See* 20 C.F.R. § 416.964(b)(3).

The evidence in the administrative record is summarized in the ALJ's decision (Doc. 10-2, PageID 54-66), Plaintiff's Statement of Errors (Doc. 13), the Commissioner's Memorandum in Opposition (Doc. 18), and Plaintiff's Reply (Doc. 19). Rather than repeat these summaries, the Court will discuss the pertinent evidence in its analysis below.

## III. STANDARD OF REVIEW

The Social Security Administration provides SSI to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 402, 423(a)(1), 1382(a). The term "disability" means "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a).

---

[2] Regardless of the actual or alleged onset of disability, an SSI claimant is not entitled to SSI benefits prior to the date that the claimant files an SSI application. Thus, the relevant period of consideration in this case begins on July 11, 2017. See 20 C.F.R. § 416.335; *Koster v. Comm'r of Soc. Sec.*, 643 Fed. Appx. 466, 478 (6th Cir. 2016) ("For purposes of SSI, which is not retroactive, the relevant period here is . . . the date [Plaintiff] filed his protective application.").

This Court's review of an ALJ's unfavorable decision is limited to two inquiries: "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "Unless the ALJ has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence," this Court must affirm the ALJ's decision. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020). Thus, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Id*.

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). This limited standard of review does not permit the Court to weigh the evidence and decide whether the preponderance of the evidence supports a different conclusion. Instead, the Court is confined to determining whether the ALJ's decision is supported by substantial evidence, which "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (citation omitted).

The other line of judicial inquiry—reviewing the correctness of the ALJ's legal criteria—may result in reversal even when the record contains substantial evidence supporting the ALJ's factual findings. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651

(6th Cir. 2009). "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Id.* (citations omitted). Such an error of law will require reversal even if "the outcome on remand is unlikely to be different." *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018) (internal quotations and citations omitted).

## IV. FACTS

### 1. The ALJ's Factual Findings

The ALJ was tasked with evaluating the evidence related to Plaintiff's application for benefits. In doing so, the ALJ considered each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 416.920. The ALJ made the following findings of fact:

> Step 1: Plaintiff has not engaged in substantial gainful activity since July 11, 2017, the SSI application date.
>
> Step 2: She has the severe impairments of anxiety, chronic obstructive pulmonary disease (COPD), depression, diabetes, intellectual disorder, obesity, peripheral neuropathy, and post-traumatic stress disorder (PTSD).
>
> Step 3: She does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.
>
> Step 4: Her residual functional capacity (RFC), or the most she can do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of light work subject to the following limitations: "[S]he can frequently climb ramps and stairs, occasionally work in dust, odors, fumes, and pulmonary irritants, but never climb ladders, ropes or scaffolds, never work at unprotected heights, and never around machinery with moving mechanical parts.

|  | She is limited to simple work-related decisions and simple, routine tasks with no assembly line work or strictly enforced daily production quotas, and few changes in a routine work setting[.]" |
|---|---|
|  | She has no past relevant work. |
| Step 5: | Considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that she can perform. |

(Doc. 10-2, PageID 56-65.) These findings led the ALJ to conclude that Plaintiff does not meet the definition of disability and so is not entitled to benefits. (*Id.* at PageID 65-66.)

**B.     Dr. Molly Hall, M.D. and Laura Hovanec, C.N.P.**

Treating psychiatrist Dr. Hall completed a Mental Functional Capacity Assessment for the Ohio Department of Job and Family Services (ODJFS) in July 2019. (Doc. 10-7, PageID 643-44.) Dr. Hall indicated that Plaintiff experienced moderate limitation in several areas of work-related mental functioning. (*Id.* at Plaintiff 643.) Dr. Hall also opined that Plaintiff experienced marked limitation in the following abilities: remembering instructions and work-like procedures; understanding, remembering, and carrying out detailed instructions; maintaining attention and concentration for extended periods; performing activities within a schedule; maintaining regular attendance; being punctual within customary tolerances; completing a normal workday and workweek without interruptions from psychologically-based symptoms; performing at a consistent pace without an unreasonable number and length of rest periods; accepting instructions and responding appropriately to criticism from supervisors; responding appropriately to changes in the work setting; traveling in unfamiliar places or using public transportation; and setting realistic goals or making plans independently of others. (*Id.*) Dr. Hall

5

additionally indicated that Plaintiff was "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than nine months." (*Id.*)

Certified nurse practitioner Ms. Hovanec completed a Basic Medical Form for the ODJFS in November 2018. (Doc. 10-8, PageID 645-46.) Ms. Hovanec opined that Plaintiff could lift and/or carry no more than five to ten pounds either frequently or occasionally. (*Id.* at PageID 646.) She indicated no impairment in Plaintiff's ability to sit, stand, or walk. (*Id.*) According to Ms. Hovanec, Plaintiff was moderately limited in the ability to reach and was "not significantly limited" in the ability to push, pull, and handle. (*Id.*) Ms. Hovanec found no limitation in the ability to balance, perform repetitive foot movements, bend, hear, and speak. (*Id.*)

Dr. Hall's form comprises the first two pages of Exhibit 11F (Doc. 10-7, PageID 643-44), and the form completed by Ms. Hovanec covers the last two pages of Exhibit 11F. (Doc. 10-7, PageID 645-46.) Unfortunately, the ALJ apparently failed to realize that two different providers completed the two different ODJFS forms in Exhibit 11F. Instead, he evaluated Dr. Hall's and Ms. Hovanec's opinions in one paragraph, wrongly attributed all of the opinions to Dr. Hall, and found them not persuasive:

> Molly Hall, M.D., a treating doctor, opined in July 2019 that [Plaintiff] was markedly or moderately limited in all paragraph "B" criteria and was limited to not lifting more than ten pounds. Dr. Hall opined her sitting was not affected; she was moderately limited in reaching; not significantly limited in pushing/pulling and handling; and not limited in bending, handling, and repetitive hand movements. Dr. Hall listed diagnoses of type II diabetes mellitus, hypertension, COPD, GERD, neuropathy, environmental allergies,

6

and right shoulder pain. Medications included Novolog, Lidoderm, Prilosec, Claritin, ibuprofen, Lipitor, and albuterol (Exhibit 11F). The undersigned finds the opinion of Dr. Hall not persuasive since the record does not show that she is qualified to render opinions on the claimant's mental limitations nor is it supported by the diagnoses that she lists. Furthermore, the opinion is internally inconsistent since she diagnosed the claimant with right shoulder pain yet finds the claimant is not significantly limited in pushing/pulling and handling (Exhibit 11F). Finally, the opinion is inconsistent with the opinions of Dr. Siddiqui and Dr. Bucci, State agency medical consultants, who found that [Plaintiff] could perform a range of light work (Exhibits 1A, pages 11-12 and 3A, pages 10-12).

(Doc. 10-2, PageID 64.)

## V. LAW AND ANALYSIS

Plaintiff contends that the ALJ reversibly erred in evaluating the opinions of treating psychiatrist Dr. Hall and nurse practitioner Ms. Hovanec (Doc. 13, PageID 1177-78.) Finding error in the ALJ's analysis of the opinion of Dr. Hall, the Court does not address the other claimed error and, instead, instructs the ALJ to address all of these issues on remand.

### A. Applicable Law

Social Security regulations require ALJs to adhere to certain standards when evaluating medical opinions. ALJs must analyze the persuasiveness of "***all*** of the medical opinions" in the record. 20 C.F.R. § 404.1520c (emphasis added). A "medical opinion" is a "statement from a medical source about what [an individual] can still do despite [her] impairment(s)" and whether the individual has one or more impairment-related limitations or restrictions. 20 C.F.R. § 404.1513(a)(2). By contrast, a statement from a medical source about an issue reserved to the Commissioner—such as whether an individual is disabled—need not be addressed by the ALJ. 20 C.F.R. § 404.1520b(c)(3).

7

Because Plaintiff filed her claim in July 2017, the new regulations for evaluating medical opinion evidence apply to this case. Under these regulations, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s) . . . ." 20 C.F.R. § 416.920c(a). Instead, the ALJ must evaluate the persuasiveness of each medical opinion and prior administrative medical finding by considering the following factors: (1) supportability; (2) consistency; (3) relationship with the plaintiff; (4) specialization; and (5) any other factor "that tend[s] to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. § 416.920c(c).

Significantly, because the first two factors–supportability and consistency–are the "most important" ones, the ALJ "*will* explain" how he or she considered them. 20 C.F.R. § 416.920c(b)(2) (emphasis added).[3] As to the first factor (supportability), "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be." 20 C.F.R. § 416.920c(c)(1). As to the second factor (consistency), "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. § 416.920c(c)(2).

---

[3] By contrast, the ALJ "may, but [is] not required to," explain the consideration given to the remaining factors. 20 C.F.R. § 416.920c(b)(2).

8

### B. The ALJ Erred In His Analysis Of Dr. Hall's Opinion

As noted above, the ALJ mistakenly conflated the opinions of Dr. Hall and nurse practitioner Ms. Hovanec. (Doc. 10-7, PageID 643-46.) At least in part because of this mistake, the ALJ did not comply with the applicable regulations when he analyzed Dr. Hall's opinion. In addition, the ALJ's analysis of Dr. Hall's opinion is not supported by substantial evidence. For both of these reasons, the ALJ erred and reversal is required.

#### 1. *The ALJ's analysis did not comply with the applicable regulations.*

The ALJ analyzed the opinions of Dr. Hall and nurse practitioner Ms. Hovanec in a single analysis. The only circumstance under which an ALJ is permitted to evaluate opinions in a single analysis is "when a medical source provides multiple medical opinion(s) or prior administrative medical finding(s)." 20 C.F.R. § 416.920c(b)(1). Here, because the opinions contained in Exhibit 11F were provided by two different medical sources, the ALJ was not permitted to evaluate them in a single analysis. The ALJ's failure to comply with this regulation constitutes reversible error.

The ALJ also failed to consider the persuasiveness and explain his analysis of the consistency factor of Dr. Hall's opinion. 20 C.F.R. § 416.920c(b)(1)-(2), 416.920c(c)(1). The ALJ's analysis of Dr. Hall's opinion consists of one sentence: "The undersigned finds the opinion of Dr. Hall not persuasive since the record does not show that she is qualified to render opinions on the claimant's mental limitations nor is it supported by the diagnoses that she lists." (Doc. 10-2, PageID 64.) At most, this analysis addresses the "supportability" and "specialization" factors of 20 C.F.R. § 416.920c(c). The ALJ failed to explain his consideration of the "consistency" factor, as required by 20 C.F.R.

§ 416.920c(c)(2), because he did not explain how he analyzed Dr. Hall's opinion in light of evidence in the record from other medical or nonmedical sources. This procedural violation is also an error.

Defendant argues that "the record does not contain any objective findings or evidence which would demonstrate a reasonable probability the ALJ would have found Plaintiff disabled had he not mixed up the opinions from Dr. Hall and Ms. Hovanec." (Doc. 18, PageID 1200.) It is not the role of this Court to guess how the ALJ might have ruled if he had not made this particular mistake. *See Runyon v. Comm'r of Soc. Sec.*, No. 2:20-CV-3820, 2021 WL 3087639, at *6 (S.D. Ohio July 22, 2021) (Vascura, M.J.), *report and recommendation adopted*, No. 2:20-CV-3820, 2021 WL 3489615 (S.D. Ohio Aug. 9, 2021) (Watson, D.J.) (citation omitted). Moreover, contrary to Defendant's contention, there is evidence in the record that supports Dr. Hill's opinions. This evidence includes the opinion of consultative psychologist Gordon Harris, Ph.D. (Doc. 10-7, PageID 355-357.)  Whether this evidence would, or would not, have led to a different result must be decided by the ALJ in the first instance, not this Court.

Contending that Dr. Hall's opinion was "rendered in regard to an application for public welfare," Defendant relies on 20 C.F.R. § 416.904 to argue that "disability assessments prepared under the authority of other agencies are not dispositive in Social Security cases." (Doc. 18, PageID 1201.) Defendant's reliance on Section 416.904 is misplaced. That regulation only limits the ALJ's consideration of disability ***decisions by*** other governmental agencies. 20 C.F.R. § 416.904. It does not limit the consideration of

10

disability *assessments* <u>*to*</u> other governmental agencies. Therefore, the ALJ could consider the opinion of treating psychiatrist Dr. Hall even if it was also provided to ODJFS.

### 2. *The ALJ's analysis of Dr. Hall's opinion is not supported by substantial evidence.*

The ALJ reasoned that Dr. Hall's opinion is not persuasive because "the record does not show that she is qualified to render opinions on the claimant's mental limitations nor is it supported by the diagnoses that she lists." (Doc. 10-2, PageID 64.) These reasons are unsupported by substantial evidence.

Dr. Hall is a psychiatrist who treated Plaintiff for approximately two years before providing her opinion. (*see* Doc. 10-7, PageID 451-56.) Dr. Hall is therefore indeed qualified to render an opinion about Plaintiff's mental functioning and limitations. The ALJ's contrary finding is unsupported by substantial evidence in the record.

The ALJ's finding that Dr. Hall's opinion is unsupported by "the diagnoses that she lists" is unsupported by substantial evidence. The ALJ wrongly compared Dr. Hall's opinion on the Mental Functional Capacity Assessment to the diagnoses listed by Ms. Hovanec—not by Dr. Hall—on the Basic Medical Form. (Doc. 10-2, PageID 64; *compare* Doc. 10-8, PageID 643-44 *with* Doc. 10-8, PageID 645-46.) The mental health progress notes show that Dr. Hall and other providers at Samaritan Behavioral Health did in fact diagnose conditions such as depression, chronic post-traumatic stress disorder, and dysthymic disorder (*e.g.*, Doc. 10-7, PageID 392, 451.)

The ALJ's findings regarding the persuasiveness of Dr. Hall's opinion are also unsupported by substantial evidence because they are based on a selective (as well as

11

incorrect) review of the record. The ALJ failed to consider whether Dr. Hall's opinion was supportable by evidence from Dr. Hall or consistent with evidence from other medical and nonmedical sources. According to the mental health treatment notes, Plaintiff's providers consistently documented abnormalities of a depressed or "stressed" mood and an anxious, sad, tearful, flat, dysphoric, and/or restricted affect. (Doc. 10-7, PageID 395, 399, 402, 408, 426, 454, 458, 505, 533, 541, 590, 593; Doc. 10-10, PageID 976, 1009-10, 1014, 1035, 1040-41, 1046, 1050-51, 1063-64, 1081, 1105.) The mental status examinations also showed slowed motor activity, avoidant eye contact, distractibility, and poor to fair insight and judgment on some occasions. (*Id.*) The opinion of Dr. Harris (Doc. 10-7, PageID 355-357) is arguably also consistent. The ALJ's failure to address this evidence—or any evidence—when evaluating Dr. Hall's opinion signifies an impermissibly selective review of the record. *See Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708 723-23 (citing *Minor v. Comm'r of Soc. Sec.*, 513 F. App'x 417, 435 (6th Cir.2013) (reversing where the ALJ "cherry-picked select portions of the record")).

For the reasons stated, the ALJ erred in his analysis of the opinion of Dr. Hall.

## VI. REMAND

Under Sentence Four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under Sentence Four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming

or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.,* 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is neither overwhelming nor strong while contrary evidence is lacking. *Faucher*, 17 F.3d at 176. However, Plaintiff is entitled to an Order remanding this case to the Social Security Administration pursuant to Sentence Four of Section 405(g) for the reasons stated above. On remand, the ALJ should evaluate the evidence of record under the applicable legal criteria mandated by the Commissioner's regulations and rulings and governing case law. The ALJ should evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether her SSI application should be granted.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Statement of Errors (Doc. 13) is GRANTED;

2. The Court REVERSES the Commissioner's non-disability determination;

3. No finding is made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

4. This matter is REMANDED to the Social Security Administration under Sentence Four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Order; and

5. This case is terminated on the Court's docket.

    */s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge